UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA MACK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-09601 |
| v. | ) | |
| | ) | |
| CENTRAL CREDIT SERVICES, LLC, | ) | |
| DNF ASSOCIATES, LLC, and DIVERSE | ) | |
| FUNDING ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Veronica Mack, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is

invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Veronica Mack ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted personal credit account. Plaintiff is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Central Credit Services, LLC ("Central"), is a Florida limited liability company that does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

7. Central is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Central holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Central regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

10. Defendant, DNF Associates, LLC ("DNF"), is a Delaware limited liability company that does or transacts business in Illinois. Its registered agent is National Registered Agents, Inc., located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit C, Record from Illinois Secretary of State).

11. DNF is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12. DNF holds a collection agency license from the State of Illinois. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

13. DNF regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant, Diverse Funding Associates, LLC ("Diverse"), is a Delaware limited liability company that does or transacts business in Illinois. Its registered agent is National Registered Agents, Inc., located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit E, Record from Illinois Secretary of State).

15. Diverse is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16. Diverse holds a collection agency license from the State of Illinois. (Exhibit F, Record from Illinois Department of Financial & Professional Regulation).

17. Diverse regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

18. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a personal credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

19. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

20. On or about November 19, 2015, Defendant Central sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit G, Collection Letter).

21. The Letter communicated various credit information, including a reference number, and an account balance.

22. The Letter was thus a "communication" as that term is defined at 1692a(2) of the FDCPA.

23. The Letter was the initial communication to Plaintiff.

24. The Letter lists "Creditor" as "DNF ASSOCIATES LLC".

25. The Letter lists "Original Creditor" as "WEST SUBURBAN".

26. The Letter gives an account number from "CENTRAL CREDIT".

27. The Letter states the account was sold to DNF ASSOCIATES LLC.

28. The Letter then states that DIVERSE FUNDING ASSOCIATES LLC (DFA) owns or owned the account.

29. The Letter does not identify which company, of the four companies listed in the letter, is the current creditor to whom the debt is owed.

30. A simple statement that one of the companies was the "current creditor," or that the debt was owed to such party, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

31. Plaintiff was confused, and an unsophisticated consumer would be confused, as to whom the debt was allegedly owed.

32. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

33. Defendants have failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2). *See Braatz v. Leading Edge Recovery Solutions, LLC, et al.,* 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); *Walls v. United Collection Bureau, Inc., et al.,* 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

34. DNF and Diverse authorized, directed, and ratified every action taken by Central on their behalves, and are liable for the acts and omissions of Central, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc.*, 15 F. 3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379 (3rd Cir. 2000).

35. A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

36. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38. Defendants have failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Statutory damages against Defendant Central pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Statutory damages against Defendant DNF pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Statutory damages against Defendant Diverse pursuant to 15 U.S.C. § 1692k(a)(2);

      D.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

      E.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com